IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL L. SIMS | § | |
| v. | § | CIVIL ACTION NO. 6:12v876 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Michael Sims, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Sims states that he was found guilty of possession of marijuana on July 17, 2012, when in fact the marijuana was discovered in a sack belonging to his cellmate, an inmate named Johnson. He complained that Captain Poole, the disciplinary hearing officer, and Sgt. Herbert gave false testimony when they said that Sims was given a disciplinary case at the same time as Johnson, but that Sims' case had been misplaced, accounting for the delay in charging him.

Sims argued that it is a violation of due process to give him a disciplinary case simply because he was forced to live with an inmate who broke the rules. He asserted that such disciplinary cases affect parole eligibility and thus require "better safeguards," including polygraph tests, and that officers should not follow up on anonymous notes from inmates because such notes likely come from a prisoner trying to get someone else in trouble for a personal reason or vendetta.

The Magistrate Judge ordered the Respondent to answer the petition. In his answer, the Respondent contended that Sims did not show the deprivation of a constitutionally protected liberty interest because he did not lose any good time in the case and is not eligible for release on mandatory supervision in any event. The Respondent also stated that Sims' claim that Poole and Herbert gave false testimony is unexhausted and thus procedurally barred.

In his response to the answer, Sims argued that he had a liberty interest in his classification status because the Supreme Court has held that the Due Process Clause prohibits the Government from transferring a prisoner to more adverse conditions of confinement when state law or regulations create a liberty interest in avoiding those conditions of confinement. He stated that his transfer from minimum to medium custody was an "extreme change in living conditions."

Sims also argued that the disciplinary case would have adverse effects upon his parole eligibility. He explained that he has a life sentence with parole eligibility after 35 calendar years, of which he has served 20 and a half. Sims says that he thus has to wait some 14 and a half more years to become eligible for parole, and he does not want a disciplinary case of which he was innocent blocking his parole after he has served all 35 calendar years. He also maintained that he raised his claim about Poole and Herbert in his grievances.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge stated that the primary issue in the case was whether or not Sims stated the denial of a constitutionally protected liberty interest pursuant to <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995). In this case, the Magistrate Judge said, none of the punishments imposed upon Sims implicated the Due Process Clause of their own force or imposed an atypical or significant hardship upon him in relation to the ordinary incidents of prison life, and thus did not create the type of deprivation in which the State might have created a liberty interest.

Although Sims complained of his transfer to medium security, citing <u>Wilkinson v. Austin</u>, 545 U.S. 209 (2005), the Magistrate Judge concluded that this transfer did not impose an atypical or significant hardship, particularly in light of the fact that <u>Wilkinson</u> involved a super-max facility

whose conditions were much more severe even than the conditions of administrative segregation in Texas prisons. Hernandez v. Velasquez, 522 F.3d 556, 563 (5th Cir. 2008). Sims also complained about the possible effect of the disciplinary case on his parole, but the Magistrate Judge determined that this claim did not implicate the Due Process Clause because Texas prisoners have no liberty interest in release on parole. Because Sims failed to show that he had been deprived of a protected life, liberty, or property interest as a result of the disciplinary case which he received, he failed to show a denial of due process. The Magistrate Judge also recommended that Sims be denied a certificate of appealability *sua sponte*.

In his objections to the Magistrate Judge's Report, Sims complains that the Magistrate Judge barely addressed his primary claim, which is that he is actually innocent of the disciplinary charge. He says that he has a constitutionally protected liberty interest in not being prosecuted for an offense of which he is innocent, and that he was denied due process when he was found guilty even though his evidence "directly undermined" the evidence of guilt. Upon finding him guilty, Sims says, Captain Poole read into the record a TDCJ policy stating that if contraband is found in a shared area of the cell, both inmates can receive disciplinary cases even if one inmate claims ownership. Sims argued that it wasn't just in a shared area of the cell, it was in a sack owned and claimed by Johnson. He complains that he was found guilty "solely because he was forced to live with an offender who broke a rule."

Although the Magistrate Judge did not reach the question of whether Sims' claim of false testimony had been exhausted, Sims insists that he raised the issue in his grievances by pointing to portions of his grievances in which he says that the issue was raised.

Finally, Sims argues that his accumulated good time credits will make a difference in the Parole Board's decision-making process, as will a disciplinary case for possession of marijuana. When he went to his Unit Classification Committee review, he was told that he had to stay at least one year in his current time-earning classification because of the disciplinary case, which will cost him a total of 36 days of good time because of the difference between his former classification and

his present one. He contends that the Due Process Clause permits the calling of witnesses and presentation of evidence at hearings which result in an extension of incarceration by demotion in time earning classification and says that this "is a major concern for Petitioner who is innocent of the charge."

Returning to his theme of actual innocence, Sims notes that he drug tested negative for marijuana, but 24 days later, he received a disciplinary case for marijuana which was found in Johnson's sack. Officer Warren with the Office of the Inspector General submitted a statement saying that Johnson had confessed to her that the marijuana was his, and Warren further said that she believed that Sims was innocent. He says that "disregarding exculpatory evidence" violates due process.

Sims' objections are without merit. The Magistrate Judge correctly determined that Sims did not show the deprivation of a constitutionally protected liberty interest as a result of the disciplinary case of which he complains. None of the punishments imposed upon Sims implicated the Due Process Clause of their own force or imposed an atypical or significant hardship upon him in relation to the ordinary incidents of prison life, and thus did not create the type of deprivation in which the State might have created a liberty interest. Sims' argument that he has a "liberty interest" in not being prosecuted for a disciplinary case of which he is innocent is without merit; such a claim, if accepted, would not only nullify the holding in Sandin, but require federal courts to conduct *de novo* factual reviews of disciplinary cases to determine if a liberty interest exists.

In addition, no Fifth Circuit case has held that due process is violated when an inmate who fails to show the deprivation of a constitutionally protected liberty interest alleges that he was convicted without sufficient evidence. *See* Moreno v. Bunton, 193 F.3d 518, 1999 WL 706246 (5th Cir., August 24, 1999); Lee v. Karriker, civil action no. 6:08cv328, 2009 WL 2590093 (E.D.Tex., August 17, 2009, *aff'd* 2010 WL 2546122 (5th Cir., June 24, 2010); *accord*, Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Sims' assertion that he was denied due process by being convicted without sufficient evidence is without merit.

Although Sims also discussed the ramifications of his case on his possible release on parole in some 14 years, the Magistrate Judge also correctly determined that Sims has no liberty interest in release on parole. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also* Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). In the absence of the deprivation of a constitutionally protected liberty interest, Sims cannot show that he was denied the process he was due, and his application for habeas corpus relief is without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 13) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Michael Sims is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 8th day of April, 2013.**



    **LEONARD DAVIS**
    **UNITED STATES DISTRICT JUDGE**